

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

August 19, 1947

Hon. M. B. Morgan, Commissioner
Bureau of Labor Statistics
Capitol Station
Austin, Texas

Opinion No. V-353

Re: The necessity for elected
officials and those ap-
pointed subject to Senate
confirmation to obtain re-
ceipts for lodgings in or-
der to include such items
in their travel expense
accounts.

Dear Mr. Morgan:

  Your letter of August 1, 1947, presents for
the opinion of this office the following question: Is
it necessary for elected officials of the State and
those appointed, subject to confirmation by the Senate,
to submit receipts for hotel bills in connection with
travel expense?

  Section 2, Paragraph g, Subsection 11 of the
regular biennial appropriation, beginning September 1,
1947, and ending August 31, 1949, provides as follows:

  "g. All employees traveling at the ex-
pense of the State are hereby limited to the
amount of Three Dollars ($3.00) per day for
meals and a total of Five Dollars ($5.00) per
day for meals and lodging, it being specif-
ically provided that the employees shall ob-
tain receipts for all items of expense claimed
except meals, and shall file such receipts
with their duly itemized and sworn expense
accounts; provided, however, that the meals
and lodging limitations imposed by this Sub-
section (11g only) shall not apply to any
elected State official nor to any appointed
State official whose appointment is subject
to Senate confirmation, when traveling in or
out of the State..."(Vernon's Texas Session
Law Service, p. 937)

We think under the expressed terms of the fore-going provisions of the Appropriation Bill that the answer to your question is in the negative. The bill specifically states "providing, however, that the meals and lodging limitations imposed by this Subsection (11g only) shall not apply to any elected State official nor to any appointed State official whose appointment is subject to Senate confirmation when traveling in or out of the State. It is observed that "limitations" is used in the plural; this obviously refers to the Three ($3.00) and Five ($5.00) Dollar limitations. Nowhere, however, is there any statutory requirement that elected State officers and those appointed, requiring Senate confirmation, obtain and file receipts for any items of expense in connection with lodging or hotel bills while traveling in or out of the State.

All are required, however, including elected officials or appointed officials requiring Senate confirmation, to give the name of the hotels, restaurants, etc. at which meals and lodging are secured as provided in subsection b of Section 12 of the general provision of the Appropriation Bill which is as follows:

"The names of hotels, restaurants, etc., at which meals and lodging are secured shall be given in every case."

You are, therefore, respectfully advised that elected State officials, and appointed State officials, requiring confirmation by the Senate, are not required to secure and file receipts with expense accounts for hotel and lodging bills, but are required to give the name of hotels, restaurants, etc. and the amount charged for such expense. All other State employees are required to get receipts for hotel and lodging expense and submit the same with expense accounts and this regardless of the exemption from the Five ($5.00) and Three ($3.00) Dollar limitation while on official business before Federal agencies in Washington.

## SUMMARY

Under the terms of the General Provisions of Appropriation Bill applicable to the biennium beginning September 1, 1947, State elected officials and State appointed

officials whose appointments are required
to be confirmed by the Senate are not re-
quired to secure and file with their ex-
pense account, bills for lodging, but are
only required to give the name of the ho-
tels, restaurants, etc. and the amount of
the expense incurred. All other State em-
ployees are required to secure and file
with expense accounts receipts for hotel
and lodging, and this regardless of whether
incurred in Washington on official business
or elsewhere.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By

L. P. Lollar
Assistant

APPROVED

FIRST ASSISTANT
ATTORNEY GENERAL

LPL:mrj